

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Tom L. Hartley
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Att:  Mr. H. H. Rankin, Jr.

Dear Sir:

Opinion No. O-2637
Re:  Exemption from state and
county taxation of land owned
by the Regional Agricultural
Credit Corporation of Washington,
D.C., as an agency or instru-
mentality of the federal govern-
ment created under the Emergency
Relief and Construction Act of
1932, Section 201 (e), Ch. 520,
47 Stat. at L. 709, 713, 12 USCA,
Section 1148

        We have your letter of August 14, 1940, in which you
ask our opinion on whether land owned by the Regional Agricul-
tural Credit Corporation of Washington, D. C., is exempt from
state and county taxes.

        We believe that it is clear that the Regional Agri-
cultural Credit Corporation is an instrumentality of the United
States.  It is created under authority of 12 USCA, Section 1148,
which reads as follows:

        "The Reconstruction Finance Corporation is au-
    thorized to create in any of the twelve Federal land-
    bank districts where it may deem the same to be de-
    sirable a regional agricultural credit corporation
    with a paid-up capital of not less than $3,000,000,
    to be subscribed for by the Reconstruction Finance
    Corporation and paid for out of the unexpended bal-
    ance of the amounts allocated and made available to
    the Secretary of Agriculture under section 602 of
    Title 15.  Such corporations shall be managed by
    officers and agents to be appointed by the Farm Credit
    Administration under such rules and regulations as it
    may prescribe.  Such corporations are hereby author-
    ized and empowered to make loans or advances to farm-
    ers and stockmen, the proceeds of which are to be used
    for an agricultural purpose (including crop produc-
    tion), or for the raising, breeding, fattening, or
    marketing of livestock, to charge such rates of inter-
    est or discount thereon as in their judgment are fair
    and equitable, subject to the approval of the Farm

Credit Administration, and to rediscount with the Reconstruction Finance Corporation and the various Federal reserve banks and Federal intermediate credit banks any paper that they acquire which is eligible for such purpose.  All expenses incurred in connection with the operation of such corporations shall be supervised and paid by the Reconstruction Finance Corporation under such rules and regulations as its board of directors may prescribe."

It will be noted that all of the stock of the Regional Agricultural Credit Corporation is owned by the Reconstruction Finance Corporation, which in turn is created by the act of Congress 15 USCA, Section 601, and is wholly owned by the United States of America.  15 USCA, Section 602.  The activities of the Regional Agricultural Credit Corporations are directed either by the Reconstruction Finance Corporation or by the Farm Credit Administration.  It therefore follows that the Regional Agricultural Credit Corporations are agencies or instrumentalities of the United States. Keifer & Keifer vs. Reconstruction Finance Corporation, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; Regional Agricultural Credit Corporation vs. Stewart, (North Dakota), 289 N.W. 801.

Even though the Regional Agricultural Credit Corporation is an instrumentality of the United States, it does not necessarily follow that its property is exempt from state or county taxation.  Congress may provide that the property of a federal instrumentality may be taxed and thus waive an immunity which might otherwise exist. Baltimore National Bank vs. State Tax Commission, 297 U.S. 209, 56 S.Ct. 417, 80 L.Ed. 586.

In this connection, it is our opinion that Section 4 of Article 7150, Vernon's Annotated Civil Statutes, which exempts from taxation "all property . . . of the United States. . . " was intended to exempt only property owned directly by the United States or property of a federal instrumentality where no consent has been given to its taxation, and was not intended to exempt property of a federal instrumentality where consent to its taxation has been given by Congress.  The property in question here does not come under the provisions of Article 5248, Vernon's Annotated Civil Statutes, which exempts property of the United States used for certain purposes set out in Article 5242, which are not involved here.

In our opinion, Congress has consented to the non-discriminatory taxation of land belonging to Regional Agricultural Credit Corporations.  We reach this conclusion, first, because Congress has expressly consented to the taxation of the land of

Reconstruction Finance Corporation, and, second, because by clear implication, the same consent is extended to the taxation of the land of Regional Agricultural Credit Corporations.

Congress, in 15 USCA, Section 610, provided generally that the property of the Reconstruction Finance Corporation should be exempt from state and county taxation, but expressly consented to the taxation of its real property in the following language:

"... except that any real property of the corporation shall be subject to State, Territorial, County, municipal, or local taxation to the same extent according to its value as other real property is taxed.  Jan. 22, 1932, c. 8, § 10, 47 Stat. 9."

Congress, however, has made no express provision as to the taxation of the property of Regional Agricultural Credit Corporations.  The question is therefore presented as to whether Congress intended that the same liability to taxation of their real property should apply to Regional Agricultural Credit Corporations as to Reconstruction Finance Corporation.

We believe that the history of the legislation relating to Reconstruction Finance Corporation and Regional Agricultural Credit Corporations, indicates the legislative intent.  By the act of January 22, 1932, 47 Stat. 5, 15 USCA 601, et seq., Congress created Reconstruction Finance Corporation, and by Section 10 of this act (15 USCA, Section 610), it was provided that the real property of Reconstruction Finance Corporation could be taxed as quoted above.  Section 2 of this act (15 USCA, Section 602) provided that of the $500,000,000 appropriated to the Reconstruction Finance Corporation, $50,000,000 was allocated to the Secretary of Agriculture for the purpose of making loans or advances to farmers.  By the act of July 21, 1932, c. 520, 47 Stat. 709, certain sections of the statute relating to Reconstruction Finance Corporation were amended, and by Section 201 (e) of this act (15 USCA, Section 1148, quoted above) Reconstruction Finance Corporation was authorized to create Regional Agricultural Credit Corporations for the purpose of administering its funds allocated to the Secretary of Agriculture.

It is reasonable to assume that in providing in a single section of the statute for the creation of Regional Agricultural Credit Corporations as a means of facilitating the performance of the functions of Reconstruction Finance Corporation, Congress assumed that the exemptions and liabilities of Reconstruction Finance Corporation would flow to the Regional Agricultural Credit Corporations so created and wholly owned by Reconstruction Finance

Corporation.  In connection with the liability of Regional Agricultural Credit Corporations to suit, the Supreme Court of the United States said in the case of <u>Keifer & Keifer vs. Reconstruction Finance Corporation</u>, 306 U.S. 381, 59 S.Ct. 516, 83 L. Ed. 784, 791:

"Reconstruction is the parent of Regional. When creating it, Congress gave Reconstruction various general corporate powers including authority 'to sue and be sued, to complain and to defend, in any court of competent jurisdiction, state or federal.' (January 22, 1932)  47 Stat. at L. 5, 6, chap. 8, 15 U.S.C.A. § 601.  When later Congress authorized Reconstruction to create these Regional Agricultural Credit Corporations, it did so by outlining in a single section of a comprehensive statute the broad scope of this added power for Reconstruction.  (July 21, 1932) 47 Stat. at L. 709, 713, chap. 520, 12 U.S.C.A. § 1148.  Congress naturally assumed that the general corporate powers to which it had given particularity in the original statute establishing Reconstruction would flow automatically to the Regionals from the source of their being."

We believe that the reasoning of the Supreme Court quoted above is applicable to the situation presented here. Having determined that real property directly owned by Reconstruction Finance Corporation should be subject to taxation as other real property, Congress had no reason for exempting from taxation property owned by a corporation which is created and wholly owned by Reconstruction Finance Corporation.

We further believe that this conclusion is supported by a general Congressional policy to permit the taxation of real property belonging to similar federal instrumentalities.  Considering only corporations exercising closely similar functions, we find that as to the following corporations Congress has permitted local taxation of real property:  Federal Intermediate Credit Banks, 12 USCA, Sections 1111, 931; Federal Land Banks and Joint Stock Land Banks, 12 USCA, Section 933; National Agricultural Credit Corporations, 12 USCA, Sections 1261, 548; Production Credit Corporations, Production Credit Associations, Central Bank for Cooperatives, and Regional Banks for Cooperatives, 12 U.S.C.A., Section 1138 (c); Federal Farm Mortgage Corporations, 12 U.S.C.A., Section 1020 (f); National Mortgage Associations, 12 USCA, Section 1722.  As the Supreme Court said in the case of <u>Keifer & Keifer vs. Reconstruction Finance Corporation</u>, 306 U.S. 391, 59 S.Ct. 516, 83 L.Ed. 784, 791:

Hon. Tom L. Hartley, page 5  (O-2637)


        ". . . To imply for Regionals a unique legal
position compared with those corporations to whose
purposes Regional is so closely allied, is to in-
fer Congressional idiosyncrasy.  There is a much
more sensible explanation for the failure of Con-
gress to bring Regional by express terms within its
emphatic practice not to confer sovereign immunity
upon these government corporations.  Congress had a
right to assume that the characteristic energies for
corporate enterprise with which a few months pre-
viously it had endowed Reconstruction would now
radiate through Reconstruction to Regional."

        For the reasons stated, we are of the opinion that
land owned by the Regional Agricultural Credit Corporation of
Washington, D. C., is subject to state and county taxes to the
same extent according to its value as other real property is
taxed.

                        Yours very truly,

                        ATTORNEY GENERAL OF TEXAS

                        By /s/ James P. Hart
                        James P. Hart, Assistant

APPROVED: OCT 18, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This opinion considered and approved in limited conference.

JPH:LW:wb